NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

In re:                                                              Bankruptcy Case No. 14-10649

Charles C. Tawil                                                    Chapter 7

        Debtor

**MEMORANDUM OPINION**

----------------------------------------------------------------X

**APPEARANCES**

Anthony Sodono, Esquire
Trenk, DiPasquale, Della Fera & Sodono, P.C.
347 Mount Pleasant Avenue
Suite 300
West Orange, New Jersey 07052
*Attorney for Debtor*

Scott S. Rever, Esquire
Wasserman, Jurista & Stolz, P.C.
110 Allen Road
Suite 304
Basking Ridge, New Jersey 07920
*Attorney for Chapter 7 Trustee, Thomas Orr*

Darren Oved, Esquire
Edward C. Wipper, Esquire
Oved & Oved LLP
The Oved Building
401 Greenwich Street
New York, New York 10013
*Attorney for Non-Party Habib Tawil*

**KATHRYN C. FERGUSON, CHIEF U.S.B.J.**

Charles Tawil filed a voluntary Chapter 7 petition on January 14, 2014. The Debtor did not list any trusts or an interest in any trusts in his bankruptcy schedules. In February 2014, the Debtor filed an amended Schedule B to include a "Claim against Habib Tawil for funds to be distributed from trust/estate; amount unknown."[1] In March 2016, the Debtor filed a motion seeking, among other things, a determination that a certain insurance trust and certain counterclaims related to a family trust are not property of the estate pursuant to § 541.[2] In May 2016, the Chapter 7 trustee filed a Notice of Proposed Compromise or Settlement of Controversy relating to the Debtor's motion.[3] The Trustee simultaneously filed a motion to approve the proposed settlement.[4] The terms of the settlement were:

> The Debtor's interest in the trusts and the claims against the trustees of the trusts shall be deemed one half property of the bankruptcy estate under 11 U.S.C. §541(a) and the other half shall be deemed not to be property of the bankruptcy estate and shall remain the Debtor's property free of any interest of the Trustee and the Bankruptcy Estate. In addition, the Debtor shall be authorized to pursue the claims against the trustees of the trusts in his name only. The Trustee consents and approves of Charles pursuing claims against Habib. Any recovery on the claims shall be split equally between the Trustee and the Debtor. The Trustee shall receive 50% of the gross proceeds received from the pursuit of these claims.

At the request of the parties, the Trustee's motion to approve settlement was adjourned numerous times to allow the parties to pursue a consensual resolution. Considerably thereafter, Habib Tawil filed a brief in opposition to the Trustee's motion.[5] The Trustee filed a response and supplemental response.[6] Habib Tawil filed a letter brief in further opposition to the motion to approve the proposed settlement.[7]

---

[1] Doc. 14
[2] Doc. 89
[3] Doc. 103
[4] Doc. 104
[5] Doc. 118
[6] Doc. 120, 122
[7] Doc. 123

The court took oral argument and reserved at the hearing on December 6, 2016. The parties asked that the court delay issuing its ruling on the motion while the parties continued negotiations. The parties have recently reported that a settlement is not possible. The following is the court's ruling on the motion to approve the Chapter 7 Trustee's settlement with the Debtor.

Bankruptcy Rule 9019 provides that after notice and a hearing the court may approve a compromise or settlement. Although compromises are a normal part of the bankruptcy process, the court must determine whether the settlement is "fair and equitable" and "in the best interest of the estate."[8] Courts in this Circuit have repeatedly emphasized that settlement is favored in bankruptcy because the interests of creditors are advanced through minimizing litigation and expediting the administration of the bankruptcy estate.[9]

The Third Circuit has identified four criteria that should be used in evaluating a settlement: 1) the probability of success in the litigation; 2) any difficulties to be encountered in collection; 3) the complexity of the litigation and the expense, inconvenience and delay necessarily attending it; and 4) the paramount interests of creditors.[10] In examining a settlement, the court's role is limited. The "responsibility of the bankruptcy judge ... is not to decide the numerous questions of law and fact, but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."[11]

---

[8] *Protective Commission for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)

[9] *See, e.g., In re Nutraquest, Inc.*, 434 F.3d 639, 646 (3d Cir. 2006); *In re Jasmine, Ltd.*, 258 B.R. 119 (D.N.J. 2000)

[10] *In re RFE Industries, Inc.*, 283 F.3d 159 (3d Cir. 2002) (citing *In re Martin*, 91 F.3d 389 (3d Cir. 1996))

[11] *In re WT Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *see also*, *Matter of Jasmine, Ltd.*, 258 B.R. 119 (D.N.J. 2000)

Before the court can apply the *Martin* factors to this settlement, it must address the opposition to the settlement filed by the Debtor's brother, Habib Tawil. Habib Tawil is not a creditor in this case.[12] No creditor has objected to the terms of this settlement. Habib Tawil argues that this court does not have the power to approve a settlement that is illegal or would violate the rights of the parties, and he maintains that the proposed settlement violates both state law and bankruptcy law regarding spendthrift trusts. The court agrees that it may not approve a settlement in violation of the law[13], but disagrees that this settlement is illegal or violates the rights of the parties.

There are two distinct aspects to this settlement and each has to be considered independently. The proposed settlement involves both the Debtor's interest in the trusts themselves and his interest in claims against the trustees of the trusts. As recognized by numerous courts, causes of action, such as those asserted by the Debtor against the trustees of the trusts, are interests of the debtor in property and are included in property of the estate under § 541(a)(1).[14] As the Tenth Circuit found in *Amerson*,[15] a probate cause of action is a distinct asset separate from the underlying legal instrument and is therefore not subject to any spendthrift trust provision that may be contained in the instrument. Accordingly, it would not qualify for the exception provided by § 541(c)(2). Nonetheless, Habib Tawil argues that the court should not approve the portion of the settlement that involves the state court counterclaims both because the

---

[12] For purposes of this motion only, the court will nonetheless assume that Habib Tawil has standing to object to the terms of this settlement as a party potentially affected by the proposed settlement.

[13] *In re Capmark Fin. Group, Inc.*, 438 B.R. 471, 476 (Bankr. D. Del. 2010) ("Of course, the Court may not approve a settlement that would violate applicable law, regardless of whether it is a 'good deal' for the debtor.")

[14] *See, e.g., Moratzka v. Morris (In re Senior Cottages of Am., LLC)*, 482 F.3d 997 (8th Cir. 2007) ("Causes of action are interests in property and are therefore include in the estate ...."); *In re O'Dowd*, 233 F.3d 197 (3d Cir. 2000)

[15] *In re Amerson,* 839 F.3d 1290 (10th Cir. 2016), *petition for certiorari* filed 3/27/17

trusts and not the Debtor are entitled to the proceeds, and also because the counterclaims are barred by the doctrines of res judicata and judicial estoppel. None of those arguments are valid reasons for the court not to approve this settlement.[16]

First, if Habib Tawil is correct that the trusts would be the beneficiaries of the state court counterclaims, that does not invalidate the settlement; it merely means "there will simply be no proceeds to split."[17] Second, the doctrine of res judicata does not apply here because the counterclaims were dismissed without prejudice based on Habib Tawil's argument that the claims were property of the bankruptcy estate. There has been no decision on the merits. Finally, the judicial estoppel argument is unavailing because the Debtor amended his schedules to include these claims making the cases cited by Habib Tawil inapplicable.

Once Habib Tawil's objections are dispensed with, an application of the *Martin* factors overwhelmingly supports approving this portion of the settlement. The interests of creditors would best be served by the Chapter 7 trustee preserving estate assets by allowing the litigation costs to be borne by the Debtor, who is the party with the most knowledge of the facts underlying the counterclaims and is in the best position to litigate them.

Now, the court turns to the portion of the settlement that provides that the Debtor's interest in the trust will be shared 50% by the bankruptcy estate. Habib Tawil's vociferous argument that this settlement is illegal and would afford the Debtor and the estate greater rights than they would have if this matter were litigated mischaracterizes the Trustee's position. The Trustee is not seeking a greater interest than the instruments allow, he is merely seeking to share in the Debtor's vested interest if and when it comes into his hands. The Chapter 7 trustee has

---

[16] In reaching its decision, the court did not rely on any of the statements made in settlement negotiations contained in the Trustee's papers. *See*, Fed. R. Evid. 408

[17] *Memorandum of Law in Response to Habib Tawil's objection to Trustee's Motion to Approve Settlement* at 16

explained: "the Trustee submits that the language of the alleged spendthrift trust provisions evidence the Debtor's parents' intent that the Debtor's creditors could attach trust assets upon the Debtor's entitlement to them and accordingly, the Trustee submits that the Trustee can wait until the Debtor is entitled to the assets and exercise his rights therein on behalf of all creditors of the bankruptcy estate."[18] The court agrees with the Chapter 7 Trustee's interpretation of the trust instruments: The restrictions on alienation are limited to when the assets of the trusts are in the possession of the trusts. Once the trust assets are in the hands of the Debtor, as they will be if he survives his mother, the assets are subject to attachment. That interpretation of the trust instruments makes the *Connelly*[19] case relied on by Habib Tawil distinguishable, because in *Connelly* there was no vested interest in the trust as of the petition date.

Once the court accepts that the Debtor's contingent remainder interests in the trusts are property of the estate, the only remaining question is the effect of § 541(c)(2). That section provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." This court agrees with the courts that have held that § 541(c)(2) is permissive rather than mandatory.[20] In its seminal decision finding that ERISA-qualified pension plans are excluded from property of the estate, the Supreme Court in *Patterson v. Shumate*[21] twice used the word "may" when discussing whether a pension is property of the estate pursuant to § 541(c)(2). The use of the permissive term "may" in relation to § 541(c)(2) is supported by the structure of § 541. If

---

[18] *Memorandum of Law in Response to Habib Tawil's objection to Trustee's Motion to Approve Settlement* at 9
[19] 2006 WL 4452842 (Bankr. D.N.J. 2006)
[20] The Third Circuit has not yet ruled on the issue of whether § 541(c)(2) is permissive or mandatory.
[21] 504 U.S. 753 (1992) ("a debtor's interest in an ERISA-qualified pension plan may be excluded from the property of the bankruptcy estate pursuant to § 541(c)(2)")

6

spendthrift trusts or other trusts with a restriction on transfer were *per se* excluded from the definition of property of the estate, then such trusts should appear in subsection (b), which lists ten types of assets that "[p]roperty of the estate does not include."[22] Instead, the language is contained in a separate section that addresses assets that become property of the estate.

The Ninth Circuit in *Rains*,[23] expressly recognized that § 541(c)(2) is permissive. The *Rains* court ordered a debtor to turnover funds in an ERISA-qualified pension plan because he had chosen through agreement with the trustee to include those funds in the estate. The Tenth Circuit in *Amerson*,[24] relying on both *Patterson* and *Rains,* held that § 541(c)(2) is permissive rather than mandatory. In this case, the Debtor has chosen, through the proposed settlement with the Chapter 7 Trustee, to include his interest in the trusts in the bankruptcy estate; therefore, Habib Tawil has no grounds to object based on § 541(c)(2).

The court finds that all four of the *Martin* factors favor approving this portion of the settlement. As the Chapter 7 Trustee recognizes, the probability of success in the underlying litigation was far from certain. Also, if the Debtor prevailed the creditors could get nothing, but through this compromise they have the potential to receive full payment. *Martin* also asks the bankruptcy court to consider the costs and delay that litigation would entail. Both would be substantial here because there are hotly disputed factual issues that would require extensive discovery. Finally, the court finds this settlement is the paramount interest of creditors because it

---

[22] 11 U.S.C. § 541(b)
[23] *Rains v. Flinn (In re Rains)*, 428 F.3d 893 (9th Cir. 2005)
[24] 839 F.3d 1290 (10th Cir. 2016), *petition for certiorari* filed 3/27/17

affords them the possibility of full payment.

The Trustee's Motion to Approve a Settlement is granted. The court will enter the order submitted with the motion.[25]

> */s/ Kathryn C. Ferguson*
> KATHRYN C. FERGUSON
> Chief Judge, US Bankruptcy Court

Dated:  August 1, 2017

---

[25] Doc. 104-4