*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                                                                  *(609) 858-9351*
*Chief Bankruptcy Judge*

## LETTER DECISION

March 27, 2020

Scott S. Rever, Esquire
Wasserman, Jurista & Stolz
110 Allen Road, Suite 304
Basking Ridge, NJ 07920

Anthony Sodono, III, Esquire
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue
Roseland, NJ 07068

Robert J. Hantman, Esquire
Hantman & Associates
1120 6th Avenue
New York, NY 10036

        Re:    Charles C. Tawil – Case No. 14-10649

               Application for Compensation for Wasserman, Jurista & Stolz,
               Trustee's Attorney (Document #211)
               Hearing Date: January 30, 2020

Dear Counsel:

    Wasserman, Jurista & Stolz, P.C. represented Thomas J. Orr, Esq., the Chapter 7 trustee in this case. The Wasserman firm submitted a Final Fee Application seeking fees of $18,057.50 and expenses of $268.90. The request covers the time period from March 15, 2019 through December 17, 2019. The court had previously approved interim fees to Wasserman firm of $178,460 and expenses of $983.63. The bulk of the fees for this time period were incurred defending two separate appeals by the debtor and responding to the debtor's objection to the trustee's Final Report. The debtor objected to the trustee's fee request. The court took oral argument on the objection and reserved decision.

The objection to the fee application is comprised of a letter filed by Robert Hantman, Esq., who states that he is co-counsel to the debtor, but who has not appeared on behalf of the debtor at any time during the six years this case has been pending. As a result, the facts recited in the objection cannot be based on Mr. Hantman's personal knowledge and are not supported by a certification of someone with personal knowledge as required by this court's local rules.[1] Nonetheless, this court has an independent obligation to review fee requests and determine their reasonableness. In that vein, the court will consider the objection as part of its review of the fee application.[2]

The Wasserman firm seeks compensation under § 330(a)(1), which provides that a bankruptcy court "may award ... reasonable compensation for actual, necessary services rendered by" professionals hired under § 327(a).[3] The Third Circuit has stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[4] The court should exclude hours that it finds are not reasonably expended: "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary."[5] Once the court determines the reasonable hourly rate, it multiplies the rate by the reasonable hours expended to obtain the "lodestar." The lodestar is presumed to be the reasonable hourly rate.[6] Calculation of the lodestar involves a two-step process. First, the court must determine the reasonable number of hours expended multiplied by the appropriate billing rate. Second, once the appropriate lodestar amount is established, the court must determine whether an enhancement or reduction of the fee is warranted. In reviewing this fee application, the court is cognizant that as the applicant the Wasserman firm bears the burden of proof for its claim for compensation.[7]

There are two overarching narratives running through the objection. The first is that the fees are unreasonable because they are more than twice what was paid to creditors. That is an inappropriate metric by which to judge the trustee's fees. The more meaningful metric is that creditors who filed a proof of claim will be paid 100% of their claims. The debtor's argument also gives short shrift to the fact that in addition to payment of creditors who filed proofs of claim, the debtor obtained a discharge of the over $2 million in secured and unsecured debt listed in the schedules. More to the point, that argument ignores the debtor's role in making the trustee's legal fees what they are by interposing numerous unfounded objections and appealing, unsuccessfully, nearly every decision of this court.

---

[1] *See*, D.N.J. LBR 7007-1
[2] *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) ("Beyond possessing the power, we think the bankruptcy court has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee ("UST"), creditors, or any other interested party, a duty which the Code does not expressly lay out but which we believe derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest.")
[3] *See generally*, *Baker Botts L.L.P. v. ASARCO LLC*, -- U.S. --, 135 S. Ct. 2158 (2015)
[4] *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)
[5] *Id.*
[6] *Id.; See also, In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833 (3d Cir. 1994)
[7] *Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.,* 50 F.3d 253, 260 (3d Cir. 1995)

The second narrative is that the trustee was merely riding debtor's counsel's coattails. That argument can be rejected out of hand. First, the objectives of the trustee and the debtor are not coextensive. The trustee is tasked with gathering the assets of the estate and liquidating them for the benefit of the unsecured creditors. By contrast, the actions of debtor's counsel were undertaken solely for the benefit of the debtor. When the trustee was not serving the debtor's personal interests the debtor loudly proclaimed that the trustee had double crossed him. It became clear during the case that the debtor did not file for bankruptcy out of a desire to repay his creditors, but rather because he thought it would give him an advantage in his ongoing dispute with his brother. The objection to the trustee's fees puts it right on the table: "By teaming with a representative of the United States Department of Justice, i.e., the Chapter 7 Trustee, Charles believed it would compel Habib to be more forthright."[8] The trustee appropriately determined that once he had enough assets to pay creditors in full, the long-standing family squabble over the trusts should return to the state court. Throughout the objection, the debtor tries to take credit for the settlement with the trustee and funds being paid into the estate. That position conveniently ignores the fact that the debtor, in the hopes of depriving the estate of any money to pay creditors, filed a motion seeking a determination that the two multi-million dollar trusts he was a beneficiary of were valid spendthrift trusts and thus not property of the bankruptcy estate. It strains credulity to accept the debtor's position that he settled that motion "out of generosity," far more plausible is that he settled with the trustee because he was unsure he would prevail on his spendthrift trust argument.

On a granular level, the debtor's objection places check marks on the debtor's three fee applications [Exhibits A, B and C] to indicate questionable entries. The objection does not specify which of the five possible categories of objection the check marks apply to. The objection requests a 50% reduction in not just the most recent fees but all the fees in the case based on the Wasserman firm's alleged failure to describe its fees and the overall unreasonableness of its fee request.

Overall, the court finds that the objection is not well-taken and it will be overruled. The court does not find grounds to reduce the current amount of fees and expenses requested nor does it find a basis to reduce any of the previously approved interim fees and expenses. The court will enter the order that was submitted.

                                              */s/ Kathryn C. Ferguson*
                                              KATHRYN C. FERGUSON
                                              US Bankruptcy Judge

---

[8] Objection at 7